UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

EASTERN SAVINGS BANK, FSB,

       Plaintiff,

-against-

STEPFON REVELL AND UNITED STATES
INTERNAL REVENUE SERVICE,

       Defendant.
------------------------------------------------------------x

MEMORANDUM AND
JUDGMENT OF
FORECLOSURE AND SALE

11-CV-2304-(ENV)(JO)

VITALIANO, D.J.

Before the Court is a motion for default judgment against Stepfon Revell, pursuant to Federal Rule of Civil Procedure 55 and Local Civil Rule 55.2, filed on May 13, 2013. The action was commenced by the filing of a summons and complaint on May 11, 2011, a copy of which was served on Revell on May 24, 2011.[1] Revell has never answered or otherwise responded to the complaint, and the time for him to do so has expired. Plaintiff requested a Certificate of Default on June 27, 2012, and such certificate was entered by the Clerk of Court on March 19, 2013.

Pursuant to *Rule 54(b)* of the Federal Rules of Civil Procedure, "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is

---

[1] A copy of the complaint was served on Defendant United States Internal Revenue Service ("IRS") on May 23, 2011. The government appeared on May 27, 2011.

no just reason for delay." No determination of delay has been made, and defendant Internal Revenue Service has no objection to entry of judgment.

Plaintiff has complied with the applicable rules for securing a default judgment. Accordingly, the motion is granted and Judgment is to be entered by the Clerk of Court.

With respect to the declaratory and equitable relief demanded by plaintiff, it is ordered, adjudged, and decreed that:

(1) the property commonly known as 713 Cottage Street, Uniondale, NY 11553 (Section: 50, Block: 206, Lot: 49) ("Mortgaged Premises") described in the Complaint and Schedule A annexed hereto,

together with all right, title, and interest of the owner thereof, if any, in and to the land lying in the streets and road in front of the adjoining said premises, to the center line thereof, and

together with all fixtures and articles of personnel property annexed to, installed in, or used in connection with the mortgage premises, all is more fully set forth in the Consolidation, Extension, and Modification Agreement (the "Mortgage") dated October 23, 2006, be sold in one parcel as follows: <u>713 Cottage Street, Uniondale, NY 11553 (Block: Section: 50, Block: 206, Lot: 49)</u>, at public auction to be held in the <u>lobby of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201</u>, by and

under the direction of <u>Charles L. Emma, Esq., 8410 Third Avenue, 2nd Floor, Brooklyn, New York 11209, Phone: (718) 232-3001</u> or his duly appointed designee, who is hereby appointed Referee for that purpose; that said Referee give public notice of the time and place of said sale according to federal law and the practice of this Court by advertising in <u>NEWSDAY</u> and that the plaintiff or an governmental agency or any other parties to this action may become the purchaser or purchasers at such sale, that the purchaser will be required to deposit with the Referee ten percent (10%) of the amount bid, in certified funds immediately upon the Referee's acceptance of the purchaser's bid for which a Referee's receipt will be given and that in case the plaintiff shall become the purchaser at the said sale, they shall not be required to make any deposit thereon, that said Referee execute to the purchaser or purchasers on such a sale a deed of the premises sold, that in the event a party other than the plaintiff becomes the purchaser or purchasers at such sale, the closing of title shall be had thirty (30) days after such sale unless otherwise stipulated by all parties to the sale, and it is further ordered

(2) all City, Town, Village, Hamlet transfer taxes, if applicable and all New York State transfer taxes and deed stamps shall be borne by the successful purchaser at the foreclosure sale; and it is further ordered

(3) said Referee on receiving the proceeds of such sale shall forthwith

pay therefrom, in accordance with their priority according to law, the taxes, assessments, sewer, rents or water rates which are or may become liens on the premises at the time of the auction sale with such interest or penalties which may have lawfully accrued thereon to the date of the auction sale bidders payment of the deposit, and it is further ordered

(4) that said Referee then deposit the balance of said proceeds of sale in his/her own name as Referee <u>in any local banking institution insured by the FDIC</u> and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository.

1st: The sum of $500.00 to said Referee for his fees herein.

2nd: The expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by him to be correct, duplicate copies of which shall be left with said depository.

3rd: And also the sum of <u>$263,917.77</u>, the amount computed by the Court and adjudged to plaintiff as aforesaid, on the Note and Mortgage, together with interest at the rate set forth in the Note ("Note Rate Interest") thereon pursuant to the terms of the Note from April 15, 2013, the date the interest was calculated to in the Affidavit of Statement of Damages of Chuck Fiehn, Senior Asset Manager of Eastern Savings Bank, fsb, sworn to on the 17th day of April, 2013, and thereafter with Note Rate Interest thereon through and after judgment is entered and then

continuing with Note Rate Interest until the date of the transfer of the Referee's Deed, or so much thereof as the purchase money of the mortgaged premises will pay of the same, plus costs in the amount of $1,423.20; together with $13,062.50 hereby awarded to the plaintiff as reasonable legal fees, together with any advances as provided for in the note and mortgage which plaintiff may have made for taxes, insurance, principal and interest and any other charges due to prior mortgages of to maintain the premises pending consummation of this foreclosure sale, not previously included in the computation, upon presentation to the Referee of receipts for said expenditures, all together with Note Rate Interest thereon pursuant to the note and mortgage as above provided; and it is further ordered

(5) that said Referee shall take the receipt of plaintiff or its attorney for the amounts paid as directed in item marked "3rd" and shall file it with his report of sale. Said Referee shall deposit the surplus monies, if any, with the aforesaid depository, within five (5) days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

In the event that the plaintiff or a governmental agency thereof is the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by plaintiff or any such governmental agency, and a valid assignment thereof be filed with the Referee, said Referee shall not require

plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to plaintiff or such governmental agency a deed of the premises sold. Plaintiff or such governmental agency shall pay the amount specified above in the items marked "1st" and "2nd" and shall also pay the amount of the aforesaid taxes, assessments, water rates, sewer rents and interest and penalties thereon, if any. Said Referee shall apply the balance of the amount bid after deducting therefrom the aforesaid amount paid by plaintiff or such governmental agency, to the amounts due plaintiff in the item marked "3rd", and if there be a surplus over and above said amounts due plaintiff, plaintiff shall pay to said Referee upon delivery of said Referee's Deed, the amount of such surplus, and said Referee shall deposit said surplus as hereinabove directed.

Said Referee shall make his report of such sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to plaintiff with the expenses, interests and costs as aforesaid, said Referee shall specify the amount of such deficiency in his report of sale the plaintiff shall recover from the defendant, STEPFON REVELL, the whole deficiency of so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by section 1371 of the Real Property Actions and Proceedings Law within the time limited therein, and the

amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further ordered

(6) that the purchaser at said sale be let into possession on production of the Referee's deed; and it is further ordered

(7) that each and all of the defendants in this action, and all the persons claiming under them, or any or either of them, after the filing of the notice of the pendency of this action, be and hereby are forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every part thereof; and it is further ordered

(8) that said premises is to be in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any, any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or person in possession of the subject premises; prior lien(s) of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law, any equity of redemption of the UNITED

7

STATES OF AMERICA to redeem the premises within 120 days from the date of sale;

Said premises commonly known as 713 Cottage Street, Uniondale, NY 11553 (Block: Section: 50, Block: 206, Lot: 49). A description of said Mortgaged Premises is annexed hereto and made a part hereof as Schedule A; and it is further ordered

(9) A copy of this Order shall be served by plaintiff upon defendant Stepfon Revell by first class and overnight mail within 14 days of the date that this Order is entered on the docket.

All other relief is denied

SO ORDERED.

Dated:   Brooklyn, New York
         June 19, 2013

s/ ENV
───────────────────────
ERIC N. VITALIANO
United States District Judge

## SCHEDULE A - DESCRIPTION

ALL that certain plot, piece or parcel of land, situate, lying and being in the Town of Hempstead, County of Nassau and State of New York, known and designated on a certain map entitled, "Revised Map of Park of Colonial Gardens, Uniondale, Town of Hempstead, Nassau County, New York, surveyed by Robert L. Clement, City Surveyor, February 5, 1937", and filed in the Office of the Clerk of the County of Nassau on March 1, 1937 as Map No. 3751, as and by the Lot No. 49 and bounded and described as follows:

BEGINNING at a point on the easterly side of Cottage Street distant 180.00 feet northerly from the corner formed by the intersection of the easterly side of Cottage Street with the northerly side of Northern Parkway;

RUNNING THENCE easterly at right angles to Cottage Street, 125.00 feet;

RUNNING THENCE northerly parallel with Cottage Street, 80.00 feet;

RUNNING THENCE westerly again at right angles to Cottage Street, 125.00 feet to the easterly side of Cottage Street;

RUNNING THENCE southerly along the easterly side of Cottage Street, 80.00 feet to the point or place of BEGINNING.

Certificate of Title